| | |
|---|---|
| **HILL WALLACK LLP** | **MCCONNELL & SNEED LLC** |
| Evan M. Goldman, Esq. | Lee S. Goldstein, Esq. |
| 21 Roszel Road | (*Pro Hac Vice* Forthcoming) |
| Princeton, New Jersey 08540 | 990 Hammond Drive, Suite 840 |
| Tel: 609-924-0808 | Atlanta, Georgia 30328 |
| Fax: 609-452-1888 | Tel: 678-775-3555 |
| | Fax: 404-655-3476 |

*Attorneys for Plaintiff Hospitality International, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
:
HOSPITALITY INTERNATIONAL,           :
INC.,                                :
:
      Plaintiff,                    :
:           **COMPLAINT**
v.                                   :
:
COVE POINT MOTEL, LLC, and           :
HASHMUKH PATEL,                      :
:
      Defendants.                   :
:
_____

Plaintiff, HOSPITALITY INTERNATIONAL, INC., by its attorneys, Hill Wallack LLP and McConnell & Sneed, LLC, for its complaint in the above-entitled action, alleged, with knowledge as to its own acts, and otherwise on information and belief, as follows:

1. This is an action for trademark and service mark infringement arising out of Defendants' use of marks and franchise system after the expiration and valid termination of a license to use the marks and for a Temporary and Permanent Injunction prohibiting the use of the Marks and franchise system.

## PARTIES

2. Plaintiff, HOSPITALITY INTERNATIONAL, INC. (hereinafter referred to as "HII") is a Tennessee corporation headquartered and registered to do business in the State of Georgia, HII has its principal place of business located at 1726 Montreal Circle, City of Tucker, State of Georgia, 30084-6809.

3. Defendant COVE POINT MOTEL, LLC (hereinafter referred to as COVE POINT), is a New Jersey limited liability company registered to do and doing business in this judicial district and is therefore subject to the jurisdiction of this Court.

4. Defendant, HASHMUKH PATEL (hereinafter "H. PATEL") is an individual and is a resident and citizen of the State of New Jersey residing in this judicial district and is therefore subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. Defendants are subject to the jurisdiction of this Court.

6. This Court has subject matter jurisdiction over this Complaint for Damages and Injunctive Relief pursuant to 15 U.S.C.A. 1121 and 28 U.S.C.A. §§ 1331, 1338, and 1367. This Court has original jurisdiction over this case pursuant to 28 U.S.C.A. § 1331, in that this is a civil action arising under the constitution, laws or treaties of the United States, specifically under Federal Trademark Law and 15 U.S.C.A. §§ 1121 and 1338 which provides that the district courts of the United States shall have original jurisdiction.

7. Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391 as Defendants do reside within this judicial district and division.

## STATEMENT OF FACTS

8. HII is the franchisor of a system providing the public with motel services at a reasonable price. HII licenses others to operate motels under the federally registered service mark, "Red Carpet Inn" and related marks (the "Red Carpet Inn Marks"). The Red Carpet Inn Marks have come to be identified, in the public mind, with the distinctive services made available in licensed Red Carpet Inn motels. HII and its franchisees currently operate approximately three hundred (300) motels in the United States.

9. HHI is the owner of the federally registered Red Carpet Inn Marks.

10. The Red Carpet Inn Marks include the following trademarks and service marks registered in the United States Patents & Trademark Office:

"RED CARPET INN" - No. 862, 886 on December 31. 1968

"RED CARPET INN"- No. 1, 708, 889 on August 18, 1992

11. On or about April 20 2012, HII entered into a Franchise Agreement with Cove Point in connection with the operation of a Red Carpet Inn located at 1609 Bay Avenue, Point Pleasant, New Jersey. A copy of the Franchise Agreement is attached and incorporated herein as Exhibit "A."

12. On or about April 20, 2012, Defendant H. Patel executed a Guaranty wherein he individually guaranteed Cove Point's obligations under the Franchise Agreement. A copy of the Guaranty is attached and incorporated herein as Exhibit "B".

13. As of July 16, 2014, Cove Point had failed to pay royalty fees in the aggregate sum of $7,570.70. Therefore, on July 16, 2014, HII instituted a lawsuit against Defendants in the Superior Court of DeKalb County, State of Georgia, and Civil Action File No. 14CV-7183-3.

14. On October 15, 2014, the Superior Court of DeKalb County, Georgia entered a Default Judgment in favor of HII and against Defendants Cove Point and H. Patel as follows:

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff be awarded judgment against Defendants Cove Point Motel, LLC and Hashmukh Patel as follows:

| | | |
|---|---|---|
| $7,570.73 | – | Past due royalty, reservation system and marketing fees; |
| $3,195.35 | – | Attorney's fees and expenses of litigation. |
| $10,766.08 | – | Total Amount of Judgment |

15. On August 10 2015, based upon Cove Point's many breaches of the Franchise Agreement, including failure to pay royalty fees, HII terminated the Franchise Agreement and notified Defendants of said termination. A copy of the termination letter is attached hereto and incorporated herein by reference as Exhibit "C".

16. Since the date of termination and continuing through today, Defendants have continued to operate the formerly franchised motel, have continued to improperly use the Red Carpet Inn Marks and Red Carpet Inn name without authorization, and have continued to improperly hold themselves out to the public as a licensee of the Red Carpet Inn Marks and as part of the HII system.

17. Pursuant to Section 12(a) of the Franchise Agreement, Defendants expressly agreed that upon termination, they would cease to operate the motel as a

Red Carpet Inn and cease the use of the Red Carpet Inn Marks and de-identify the property. These provisions require Defendants to perform the following (the "Post-Termination Obligations"):

**(a) Post Termination and Post Expiration.** Notwithstanding any other provision of this Agreement, upon the expiration or termination of this Agreement, you shall:

(i)     Immediately and permanently cease your use of all Marks and any reproduction, counterfeit, copy, or colorable imitation of any Mark. You shall immediately and permanently cease your use of the System, any methods, procedures, or techniques associated with the System in which we have a proprietary right, title, or interest; and, any other marks and methods of operation associated with the System;

(ii)    Not use any methods of operation, designation of origin, description, or representation which falsely suggests or represents that you are associated or connected with us or any of the Affiliated Companies;

(iii)   Take such actions as we may request to accomplish the purposes of paragraph 12(a)(i) or (ii). If you fail to take any such action within thirty (30) days after termination or expiration of this

Agreement, you expressly acknowledge that your failure to take any such action will cause us incalculable and irreparable injury and that we, in an effort to ameliorate such injury, may enter upon the Premises (and upon any of your billboard or signs that you have leased) at any time to take such action ourselves, at our sole risk and expense, without liability for trespass or may, at our election, obtain a Court Order without notice to you further authorizing us or our designee to take such action. If a bond is required, you agree that you will not object to a bond of $1,000.00 or less;

(iv)   Immediately pay us all amounts you owe us pursuant to this Agreement and all franchise fees which you would otherwise owe us with respect to the time period prior to the expiration or termination date; and,

(v)   Immediately deliver to us the Manual, and, at our request, all other manuals, records, files, instructions, correspondence, and any and all materials in your possession relating to this Agreement and all copies thereof (all of which are our property) and you shall not retain a copy or record of the foregoing, except only your copy of this

Agreement, any correspondence between us, and any other document which you reasonably need for compliance with any applicable law.

See Exhibit A, § 12(a).

18. As a consequence of the valid termination of the Franchise Agreement, Defendants are required to abide by the post-termination obligations of the Franchise Agreement.

19. Defendants are continuing to operate the formerly franchised Motel and to hold themselves out to the public as a licensee of the Red Carpet Inn Mark and part of the HII system.

20. Defendants' failure to abide by the post-termination obligations required under the Franchise Agreement and continued use of the Red Carpet Inn Marks and Red Carpet Inn system in connection with the operation of a motel at the site of the formerly franchised motel has caused, and is continuing to cause irreparable harm.

21. On December 11, 2015, Plaintiff's counsel sent Defendants a demand letter requesting that Defendants de-identify. Plaintiff has had no response or cooperation from the demand. A copy of Plaintiff's attorney letter is attached hereto and incorporated herein by reference as Exhibit "D."

22. Pursuant to Section 15 of the Franchise Agreement, Plaintiff is entitled to recover, as the prevailing party, its costs and expenses, including legal fees and expenses, in connection therewith.

23 Additionally, as this is an exceptional case of trademark infringement based upon Defendants' deliberate, willful and bad faith acts of infringement, Plaintiff is also entitled to recover its attorney's fees under 15 U.S.C. §1117(a).

## COUNT I

## REQUEST FOR TEMPORARY INJUNCTION

24. Plaintiff alleges and incorporates herein by reference the allegations of Paragraphs 1 through 23 as fully as if the same was set forth verbatim herein.

25. Despite the valid termination and expiration of the Franchise Agreement, Defendants have continued to operate the motel utilizing the Red Carpet Inn Marks in a manner likely to cause confusion or to deceive and which falsely suggests an association or connection with the HII system in direct violation of Section 12 of the Franchise Agreement.

26. The conduct set forth herein has caused and continues to cause irreparable harm and damage to Plaintiff and the Red Carpet Inn Marks and the HII motel system.

27. Plaintiff suffers irreparable harm as a result of Defendants' actions, including continued use of Marks, imitation of marks, and operation that falsely suggest that Defendants are associated with Plaintiff, which is not calculative monetarily.

28. Plaintiff is likely to prevail on the merits of its substantive claims as alleged in this Court after final hearing or trial in that it is entitled to relief that it requests pursuant to the Franchise Agreement (Exhibit "A") and pursuant to Federal Trademark Law.

29. Plaintiff has complied with all conditions precedent to terminating the Franchise Agreement and is acting in good faith when it seeks preliminary relief.

30. In addition, Plaintiff has sustained actual damages, costs and attorney's fees as a result of Defendants' breach of the contractual Post-Termination Obligations in an amount to be proved at trial.

**WHEREFORE**, on Count I of this Complaint, Plaintiff demands entry of judgment in its favor awarding the following relief:

A. Entry of an Order affirmatively enjoining Defendants and those acting in concert with them including their officers, members, agents, servants,

employees and attorneys from:

    (i)    Using the Red Carpet Inn Marks in connection with the advertising, promotion or sale of any product or service;

    (ii)    Operating or doing business under any name or mark, or in any manner that is likely to give the public the impression that the motel is licensed as a Red Carpet Inn or otherwise associated with the HII system; and

    (iii)    Committing any other act that infringes the Red Carpet Inn Marks or otherwise unfairly competes with the HII system or other Red Carpet Inn licensed motels.

    B.    Ordering Defendants to file with the court and serve on counsel for Plaintiff within five (5) calendar days after service of any injunction issued herein, a written report setting forth in detail under oath, the manner and form in which they have complied with such injunction;

    C.    Entry of Judgment in favor of Plaintiff requiring specific performance by Defendants of Defendants' post-termination obligations in the Franchise Agreement;

D. Entry of Judgment in favor of Plaintiff and against Defendants awarding Plaintiff its costs in prosecuting these claims including its reasonable attorney's fees incurred; and

E. Entry of such Order and/or Judgment in favor of Plaintiff and against Defendant awarding Plaintiff such other and further relief as the Court may deem appropriate.

## COUNT II

### TRADEMARK AND SERVICE MARK INFRINGEMENT AND REQUEST FOR PERMANENT INJUNCTION

31. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 30 as fully as if the same was set forth verbatim herein.

32. Defendants' continued use of the Red Carpet Inn Marks without authorization or license from HII is likely to cause confusion in the public mind concerning the source, affiliation, or sponsorship of goods and services being offered under the Red Carpet Inn Marks.

33. Despite the valid termination of the Franchise Agreement, Defendants have continued to operate the motel utilizing the Red Carpet Inn Marks in a manner likely to cause confusion or to deceive and which falsely suggests an association or connection with the HII System in violation of Section 32 of the Lanham Act.

34. The conduct set forth herein has caused and continues to cause irreparable harm and damage to Plaintiff and the Red Carpet Inn Marks and the HII hotel system. Plaintiff suffers irreparable harm as a result of Defendants' actions including Defendants' continued use of the Red Carpet Inn Marks, imitation of the Red Carpet Inn Marks, and operations that falsely suggest that they are associated with Plaintiffs which is not calculative monetarily.

35. Plaintiff is likely to prevail on the merits of the substantive claims as alleged in this Count, after final hearing or trial, in that it is entitled to relief that it requests pursuant to the Franchise Agreement (Exhibit A) and under federal trademark law, including Section 32 of the Lanham Act.

36. Plaintiff has complied with any and all conditions precedent to bringing this claim for infringement and is acting in good faith when it seeks injunctive relief.

37. Defendants will suffer no harm if temporary or permanent injunctive relief is provided.

38. In addition, Defendants' conduct is causing monetary damage to Plaintiff in an amount to be proved at trial.

**WHEREFORE**, on Count II of this Complaint, Plaintiff demands entry of a judgment in its favor awarding the following relief:

A.   Entry of an Order permanently enjoining Defendants and all those acting in concert with them, including their officers, members, agents, servants, employees and attorneys, from:

(i)   Using the Red Carpet Inn Marks in connection with the advertising, promotion or sale of any product or service;

(ii)  Operating or doing business under any name or mark, or in any manner that is likely to give the public the impression that the motel is licensed by HII or otherwise associated with the HII system or other Red Carpet Inn licensed motels; and

(iii) Committing any other act that infringes the Red Carpet Inn Marks or otherwise unfairly competes with the HII system or other Red Carpet Inn licensed motels.

B.   Entry of an Order requiring Defendants to file with the Court and serve on counsel for Plaintiff, within five (5) calendar days after service of any injunction issued herein, a written report setting forth in detail, under oath, the manner and form in which they have complied with such injunction;

C.     Entry of judgment in favor of Plaintiff and against Defendants awarding Plaintiff, pursuant to 15 U.S.C. § 1117, (a) Defendants' profits, (b) Plaintiff's ' damages, and (c) the costs of the action;

D.     Entry of judgment in favor of HII and against Defendants awarding Plaintiff treble damages and attorney's fees pursuant to 15 U.S.C. § 1117(a) and (b);

E.     Entry of judgment in favor of HII and against Defendants awarding Plaintiff its reasonable attorney's fees pursuant to 15 U.S.C. §1117(a); and

F.     Entry of such orders and/or judgment awarding Plaintiff such other and further relief as the Court may deem appropriate.

## COUNT III

### UNJUST ENRICHMENT AGAINST DEFENDANT

39.    Plaintiff HII alleges and incorporates herein by reference the allegations of Paragraphs 1 through 38 as fully as if the same was set forth verbatim herein.

40.    Defendants' unauthorized use of the Red Carpet Inn Marks in operating the motel and holding themselves out as a duly licensed member of the HII system and having affiliation with Plaintiff has unjustly enriched Defendants

at the expense of and to the detriment of Plaintiff, in an amount that has yet to be determined.

**WHEREFORE**, on Count III of this Complaint, Plaintiff HII demands entry of judgment in its favor awarding Plaintiff the amount by which Defendants have been unjustly enriched by their wrongful use of the Red Carpet Inn Marks, the Red Carpet Inn name, and the HII system, together with Plaintiff's costs in prosecuting these claims, and such other and further relief as the Court may deem appropriate.

Dated: April 12, 2016

Respectfully Submitted,

**HILL WALLACK LLP**

    */s/ Evan M. Goldman*
Evan M. Goldman, Esq.
21 Roszel Road
Princeton, New Jersey 08540
Tel: 609-924-0808
Fax: 609-452-1888
Email: egoldman@hillwallack.com

**MCCONNELL & SNEED, LLC**
Lee S. Goldstein, Esq.
(*Pro Hac Vice* Forthcoming)
990 Hammond Drive, Suite 840
Atlanta, Georgia 30328
Tel: 678-775-3555
Fax: 404-655-3476
Email: lsg@mcconnellsneed.com